# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 08-CR-30265-WDS |
| DEMOND SPRUILL, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion seeking retroactive application of the sentencing guidelines to crack cocaine offenses (Doc. 42). The Court appointed Assistant Federal Defender Dan Cronin to represent the defendant. The Probation Officer has determined, and appointed counsel concurs, that the defendant is not eligible for a reduction in sentence because he was sentenced as a career offender, and therefore, there is no change in the guideline computations for his case and he is not entitled to the relief he seeks. Defense counsel seeks leave to withdraw (Doc. 46) which the Court **GRANTS.** Defendant has filed a supplemental motion seeking a reduction (Doc. 47).

"[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to the statute's general rule that 'the court may not modify a term of imprisonment once it has been imposed.'" *United States v. Cunningham,* 554 F.3d 703, 708 (7th Cir. 2009)(quoting 18 U.S.C. § 3582(c)). "When Congress granted district courts discretion to modify sentences in section 3582(c)(2), it explicitly incorporated the Sentencing Commission's policy statements limiting reductions." *Cunningham*, 554 F.3d at 708 (citation omitted). "Thus, the Commission's policy statements should for all and

intents and purposes be viewed as part of the statute." *Cunningham*, 554 F.3d at 708. "The policy statements make clear that section 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended guideline range (unless the defendant's original sentence was lower than the guideline range)." *Id*. (citing U.S.S. G. §§ 1B1.10(a)(3), 1B1.10(b)(2)(A)). "Indeed, mandatory minimum sentences--which cabin the district court's discretion with regard to section 3553(a) factors--have been upheld as constitutional." *Cunningham,* 554 F.3d at 708 (citation omitted).

A review of the record, and application of §3582 reveals that the defendant was sentenced at a base offense level of 31 with a criminal history category of IV, resulting in a guideline range of 188-235 months. The amendments to the advisory guidelines would not, given his prior offense history, make him eligible for any relief under § 3582.

Accordingly, the Court **DENIES** defendant's motions for a reduction in sentence (Doc. 42 and 47). *See, United states v. Jackson*, 573 F.3d 398, 400 (7th Cir. 2009).

**IT IS SO ORDERED.**

**DATE:   07 January, 2013**

  /s/   **WILLIAM D. STIEHL**
         **DISTRICT JUDGE**